2009 BNH 037
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 09-12633-MWV |
| | Chapter 11 |
| M & M Equities, LLC, | |
|     Debtor | |
| | |
| M & M Equities, LLC, | |
|     Plaintiff | |
| | |
| v. | Adv. No. 09-1157-MWV |
| | |
| NewAlliance Bank, | |
| Carl L. Moulton, | |
| Moulton Construction, Inc. | |
|     Defendants | |

*William S. Gannon, Esq.*
WILLIAM S. GANNON PLLC
*Attorney for Debtor/Plaintiff*

*Mark S. Derby, Esq.*
CLEVELAND, WATERS AND BASS, P.A.
*Attorney for NewAlliance Bank*

## MEMORANDUM OPINION

This matter comes before the Court on a motion to dismiss Count II of the complaint (Ct. Doc. No. 10) pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by NewAlliance Bank ("NewAlliance") and M & M Equities, LLC's (the "Plaintiff"), objection thereto. In the complaint, the Plaintiff alleges violations and seeks to collect damages pursuant to N.H. Rev. Stat. Ann. § 358-A. On November 17, 2009, the Court held a hearing on the motion and took the matter under advisement.

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core

proceeding in accordance with 28 U.S.C. § 157(b).

**BACKGROUND**

The Plaintiff commenced the current adversary proceeding against NewAlliance on September 21, 2009.  Subsequently on September 25, 2009, the Plaintiff requested that NewAlliance pay the Plaintiff the sum of $7,500 in order to provide adequate protection payments, as directed by this Court's order, to the Plaintiff's creditor, First Tennessee Bank, N.A., d/b/a First Horizon Construction Lending.  NewAlliance did not provide the $7,500 but instead offered to settle the current adversary for the sum of $7,500.  No settlement was reached, and the Plaintiff moved to amend its complaint on September 29, 2009, alleging that NewAlliance's conduct with respect to the $7,500 violates the New Hampshire Consumer Protection Act pursuant to N.H. Rev. Stat. Ann. § 358-A.  NewAlliance now brings this motion to dismiss Count II of the complaint alleging that (1) NewAlliance falls within the exception of the New Hampshire Consumer Protection Act, (2) the claim stems from settlement discussions which are excluded from evidence under Federal Rules of Evidence 408, and (3) the conduct described does not reach the level of "rascality."

**DISCUSSION**

Under Rule Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7012(b), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b).  In ruling on a Rule 12(b)(6) motion to dismiss, courts "must accept as true the well-pleaded factual allegations of the complaint" and "draw all reasonable inferences therefrom in the plaintiff's favor[.]" LaChapelle v. Berskshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligations to provide the 'grounds' of his 'entitle[ment] to relief' require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic

Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted); Damon v. Moore, 520 F.3d 98, 102-03 (1st Cir. 2008).  "[Although] legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).  To survive a Rule 12(b)(6) motion to dismiss, factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" and cross the line between "possibility" and "plausibility" of entitlement to relief.  Bell Atlantic Corp., 127 S.Ct. at 1965-66; Notinger v. Costa (In re Robotic Vision Sys., Inc.), 374 B.R. 36, 43 (Bankr. D.N.H. 2007).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the . . . court to draw on its judicial experience and common sense."  Ashcroft v. Iqbal, 129 S.Ct. at 1950.  The focus of a Rule 12(b)(6) inquiry is not "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Gilbert v. Essex Group, Inc., 930 F.Supp. 683, 686 (D.N.H. 1993) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

      I.      **Exception to the New Hampshire Consumer Protection Act**

Count II of the Plaintiff's complaint alleges violations in conjunction with the New Hampshire Consumer Protection Act, Title XXXI, N.H. Rev. Stat. Ann. § 358-A (the " NH Act").  Section 358-A:2 provides that:

> It shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state.  Such unfair method of competition or unfair or deceptive act or practice shall include, but is not limited to, the following . . . .

N.H. Rev. Stat. Ann. § 358-A:2.  Section 358-A:2 then continues to enumerate a list of precluded actions.  While the New Hampshire Consumer Protection Act allows for broad protection, it is not without limits.  Specifically exempt from the Act's purview is  "[t]rade or commerce that is subject to the jurisdiction of . . . the financial institutions and insurance regulators of other states, or federal banking or securities regulators who possess the authority to regulate unfair or deceptive trade practices."  Id. at § 358-A:3.  NewAlliance argues that it is a Connecticut state-chartered savings bank regulated by Connecticut's

-3-

banking regulation statutes.  Further, since Connecticut's banking statutes and regulations are substantially similar to the Act, the exception in § 358-A:3 applies, and therefore the Plaintiff's claim under Count II should be dismissed as to NewAlliance.  Countering NewAlliance, the Plaintiff claims that the Connecticut banking regulation scheme does not prohibit unfair or deceptive acts.  The Plaintiff further contends that the exception in § 358-A:3 only applies to regulatory agencies that prohibit the same type of acts as proscribed in § 358-A:2.  Since Connecticut's regulatory scheme is not similar to § 358-A:2, NewAlliance does not fall within the exception.

The purpose behind the exemptions in § 358-A:3 appear to be rooted in New Hampshire's attempt to avoid a conflict of laws issue as between New Hampshire and other states, as well as between New Hampshire and the federal government.  To determine whether NewAlliance falls within the exception to § 358-A then, the Court must analyze the Connecticut banking regulations and determine whether trade and commerce are subject to Connecticut's financial institution regulators.  Pursuant to Connecticut's banking laws, "no licensee or registrant shall, in connection with the activity for which such person is licensed or registered . . . (3) engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person."  Conn. Gen. Stat. Ann. § 36a-53b. Section 36a-53b of Connecticut's banking law prohibits banks from engaging in the same unlawful practices as proscribed under N.H. Rev. Stat. Ann. § 358-A:2.  Connecticut's banking laws further provide that the banking commissioner of Connecticut has the authority to regulate violations within the commissioner's jurisdiction, which necessarily include Conn. Gen. Stat. Ann. § 36a-53b.

While NewAlliance only cites to Connecticut's banking regulations, the issue of the motion to dismiss is whether NewAlliance falls within the exception of N.H. Rev. Stat. Ann. § 358-A:3.  The exception under N.H. Rev. Stat. Ann. § 358-A:3 exempts "trade or commerce subject to the jurisdiction of . . . the financial . . . regulators of other states . . . ."  In the present case, NewAlliance is also subject to the jurisdiction of the Connecticut Commissioner of Consumer Protection.  The banking industry in

Connecticut is governed by the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. Ann. § 42-110b.  See also Normand Josef Enterprises, Inc. v. Connecticut Nat. Bank, 646 A.2d 1289, 1301-1306 (Conn. 1994) (concluding that the banking industry is subject to CUTPA regulations).[1]  The Connecticut Consumer Protection Commissioner has the authority to regulate CUTPA violations.  Conn. Gen. Stat. Ann. §§ 42-110d and 42-110k.   CUTPA expressly provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in conduct of any trade or commerce."  Conn. Gen. Stat. Ann. § 42-110b(a).[2]  Accordingly, trade or commerce of NewAlliance is subject to the financial institution regulators of the State of Connecticut under the banking laws and CUTPA.  Furthermore, both the Connecticut Commissioner of Banking and the Connecticut Commissioner of Consumer Protection possess the authority to regulate unfair or deceptive trade practices.  Consequently, Count II of the Plaintiff's claim is dismissed as against NewAlliance because it falls within the exception promulgated under N.H. Rev. Stat. Ann. § 358-A:3.

## II.    NewAlliance's Other Arguments for Dismissal

NewAlliance also alleges that the Court should dismiss Count II of the Plaintiff's complaint because the Plaintiff's claim arises out of settlement discussions, and the conduct described in the complaint does not reach the level of "rascality."  Since NewAlliance falls within the exception to the New Hampshire Consumer Protection Act, the Court need not reach the merits of NewAlliance's other arguments for dismissal.

---

[1] The 1994 decision in Normand Josef Enterprises, Inc. addresses the inability of the court to find a banking statute or regulations that proscribes the same activity under CUTPA.  However, Conn. Gen. Stat. Ann. § 36a-53b was enacted in 2000.  Additionally, the court notes that "[t]he mere existence of generic state and federal banking regulations does not exclude CUTPA coverage.  CUTPA is applicable even when its regulatory scheme overlaps that authorized by another statute or regulation."  Normand Josef Enterprises, Inc., 646 A.2d at 1305.

[2] "Person" is defined as "a natural person, corporation, trust, partnership, incorporated or unincorporated association, and any other legal entity . . . ."  Conn. Gen. Stat. Ann. § 42-110a(3).

<u>**CONCLUSION**</u>

For the reasons set out herein, the Court grants NewAlliance's motion to dismiss Count II of the complaint.  This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate order consistent with this opinion.

DATED this 10th day of December, 2009, at Manchester, New Hampshire.

<u>/s/ Mark W. Vaughn   </u>
Mark W. Vaughn
Chief Judge